UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MICHAEL ADAM ASSENBERG, *et al.*,

Plaintiffs,

v.

ANACORTES HOUSING AUTHORITY,

Defendant.

Case No. C05-1836L

ORDER GRANTING MOTION FOR AN EXTENSION

This matter comes before the Court on plaintiffs' motion for an extension of time to respond to defendant's pending motion for summary judgment. (Dkt. #25). Plaintiffs' opposition to the motion was due on March 13, 2006. They did not file an opposition on that date. Instead, they filed this motion on March 10, 2006 requesting an extension until April 24, 2006 to file their opposition.

To obtain a Fed. R. Civ. P. 56(f) continuance, plaintiffs must make "'(a) a timely application which (b) specifically identifies (c) relevant information, (d) where there is some basis for believing that the information sought actually exists.'" See Employers Teamsters Local Nos. 175 & 505 Pension Trust Fund v. Clorox Co., 353 F.3d 1125, 1129 (9th Cir. 2004) (quoting Visa Int'l Serv. Ass'n v. Bankcard Holders of Am., 784 F.2d

ORDER GRANTING MOTION
FOR AN EXTENSION - 1

1 1472, 1475 (9th Cir. 1986)).  The burden is on the party seeking additional discovery to
2 proffer sufficient facts to show that the evidence sought exists, and that it would prevent
3 summary judgment.  Id. at 1129-1130.

4 Plaintiffs request an extension because their pro bono counsel, appointed on
5 January 24, 2006, needs additional time to obtain "information from Dr. Horesh in order
6 to show that Mr. Assenberg meets Washington's statutory requirements for the medical
7 use of marijuana and in order to show the basis for a medical necessity for Mr. Assenberg
8 to use marijuana."  Declaration of Lonnie Davis (Dkt. #26) at p. 3.  Plaintiffs have
9 identified the information they hope to elicit from Dr. Horesh and have explained that
10 they seek to use the information to show that plaintiffs' use of marijuana was for medical
11 purposes.  Although defendant's arguments are well taken regarding whether the
12 information plaintiffs seek is relevant, the Court grants the motion because plaintiffs' pro
13 bono counsel was appointed recently and because the Court prefers to resolve issues on
14 the merits whenever possible.

15 Plaintiffs must file their responsive memorandum by April 24, 2006.  The Clerk of
16 the Court is directed to renote defendant's motion for summary judgment (Dkt. #18) for
17 April 28, 2006.

19 DATED this 22nd day of March, 2006.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER GRANTING MOTION
FOR AN EXTENSION - 2